UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA WHITE<br>3186 Cloverhurst St. NE<br>Canton, Ohio 44721 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| *On behalf of herself and all others similarly situated,* | )<br>)<br>) | **PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** |
| Plaintiff, | )<br>) | (Jury Demand Endorse Herein) |
| *v.* | )<br>)<br>) | |
| STARK COUNTY VETERANS<br>SERVICE COMMISSION<br>c/o Executive Director De Ann M. Williams<br>2955 Wise Ave. NW<br>Canton, Ohio 44708 | )<br>)<br>)<br>)<br>) | |

Plaintiff Teresa White, by and through counsel, for her Collective Action Complaint against Defendant Stark County Veteran Services Commission (hereinafter also referred to as the "Commission" or "Defendant"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendant Stark County Veteran Services Commission that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's and other members of the FLSA Collective's claims occurred here.

## PARTIES

4. At all times relevant, Plaintiff Teresa White was a citizen of the United States and a resident of Stark County, Ohio.

5. Defendant Commission is a county organization with its principal offices located at 2955 Wise Ave. NW, Canton, Ohio 44708.

## FACTUAL ALLEGATIONS

6. Defendant Stark County Veteran Services Commission is a mandated county organization through Section 5907.01, *et seq.* of the Ohio Revised Code. The Commission employs hourly employees, including Plaintiff and other members of the FLSA Collective, in furtherance of its statutorily-mandated purposes.

### Defendant's Status as an Employer

7. Defendant is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt employees, including Plaintiff and other members of the FLSA Collective.

8. Defendant is an enterprise within the meaning of 29 U.S.C. § 203(r).

9. Defendant is an employer of Plaintiff and other members of the FLSA Collective as Defendant exercises the power to hire and/or fire employees; supervises and controls their work schedules and conditions of employment; determines employees' rates and methods of payment; and maintains or is required to maintain records, including employment records.

**Defendant's Failure to Pay Overtime Compensation**

10. Plaintiff Teresa White has been employed by Defendant Commission as an hourly, non-exempt employee since approximately April 2017 to the present.

11. At all times relevant, Plaintiff and other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

12. At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

*Defendant's Failure to Pay for All Hours, Including Overtime Hours, Worked*

13. Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective for all hours, including overtime hours, worked.

14. Plaintiff and other members of the FLSA Collective regularly begin work and performing the principal activities of their jobs but Defendant does not pay them for all of their time at the beginning, and end as further described below, of their workdays.

15. While Plaintiff and other members of the FLSA Collective regularly worked significant amounts of time at the beginning of their shifts, they were paid based on inaccurate times submitted to payroll as required by Defendant Commission's management. Defendant, as an employer, is required under the FLSA to maintain an accurate record of the hours worked by its non-exempt hourly employees. In order to create and maintain this record, from the beginning of the relevant time period and until approximately late 2021, Defendant issued timesheets to

3

employees for the purpose of recording clock-in and clock-out times each day they work. In approximately late 2021, Defendant switched to pre-populated timesheets. In either case, these time records were submitted to payroll that Defendant then used to pay Plaintiff and other members of the FLSA Collective. However, while Plaintiff and other members of the FLSA Collective were paid on an hourly basis, Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective for all hours, including overtime hours, worked as a result of Defendant's time underreporting and time manipulation policies and practices.

16. By way of example, on a daily basis since the beginning of the relevant time period and until approximately May 2022, and a frequent basis since approximately May 2022, Plaintiff White (and other members of the FLSA Collective), started working and performing her job duties between 7:00 a.m. and 7:30 a.m. On many occasions, while Plaintiff White wrote down on her handwritten timesheets that she started working between 7:00 a.m. and 7:30 a.m., when Plaintiff White submitted her timesheet to management for payroll, she would be required by management to re-submit her timesheet with false information stating that she started working at 8:00 a.m., not the actual time she started working.

17. This time underreporting and manipulation for payroll purposes also occurred at the end of the workday. Plaintiff and other members of the FLSA Collective regularly worked significant amounts of times at the end of their workdays, but were regularly only paid until their shift ending times. These employees were not paid for this time as Defendant instead paid them based on inaccurate and/or incomplete records which did not include post-shift compensable work required by, performed for, and to the benefit of Defendant.

18. By way of example, on a daily basis since the beginning of the relevant time period and until approximately May, 2022, and a frequent basis since approximately May 2022,

Plaintiff White (and other members of the FLSA Collective), regularly was working and performing her job duties until after the 4:00 p.m. shift ending time, on average at 4:30 p.m. or later when work required it. On occasion, while Plaintiff White wrote down on her handwritten timesheet that she stopped working at 4:30 p.m. or later, when Plaintiff White submitted her timesheet to management for payroll, she would be required by management to re-submit her timesheet with false information stating that she stopped working at 4:00 p.m.

19. The requirement to work before and after their shifts was unavoidable due to understaffing issues and work requirements, and the additional hours were required to be worked in order to complete their jobs. Defendant suffered and permitted Plaintiff and other members of the FLSA Collective to work before and after their shifts, visually observed Plaintiff and other members of the FLSA Collective working before and after their shifts on a daily basis, and Defendant's supervisors exchanged emails and correspondence, as well as provided work instructions to workers, before and after Plaintiff's and other members of the FLSA Collective's shifts on a daily basis. However, if Plaintiff White and other members of the FLSA Collective reported, or attempted to report, their accurate starting and ending times, they would be subject to verbal reprimand. Plaintiff Teresa White, by way of example, regularly worked approximately thirty (30) to sixty (60) or more minutes on a daily basis during many workweeks during the relevant time period for which she was not paid for all time worked.

20. Plaintiff and other members of the FLSA Collective also regularly took work home for which they were not paid. Defendant suffered and permitted Plaintiff and other members of the FLSA Collective to work when they took work home, and performed work outside their shifts at home, for which they were not paid. Plaintiff Teresa White, by way of

5

example, worked approximately thirty-six (36) hours on a yearly basis during the relevant time period for which she was not paid for all time worked at home.

21. Defendant's pay practices were the result of systematic and Commission-wide policies originating at the management/directorial level.

22. As a result, Plaintiff and other members of the FLSA Collective were not paid for all hours worked, including overtime hours worked. As a result of the time manipulation and underpayment practices and policies employed by Defendant, Defendant's practices resulted in a system that virtually always resulted in less time paid than time worked to the detriment of Plaintiff and other members of the FLSA Collective.

23. Although the additional pre-shift, post-shift, and at-home work was compensable under the FLSA, the work was required by Defendant and the nature and volume of the work performed, the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary and indispensable part of their principal activities, it was not paid as hours worked as required by the FLSA.

24. Defendant's failure to ensure proper recordation of time and pay overtime as a result of the time manipulation and underpayment practices resulted from knowing or reckless executive/directorial decisions. In addition, by denying Plaintiff and other members of the FLSA Collective overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the necessity of proper time recording and payment systems, including accurate timekeeping practices, as well as the proper and prompt payment of overtime compensation under the provision of laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the

information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA or acted in reckless disregard as to Defendant's obligations under the FLSA.

25. Defendant, through its supervisors, director, and managers, knew that Plaintiff and other members of the FLSA Collective were working the additional time for which they were not paid, as a result of Defendant's manipulation and underpayment practices and policies, and thus Defendant's actions were deliberate and willful within the meaning of the FLSA and Defendant lacked a good faith basis for its actions.

### *Defendant's Unlawful Compensatory Time Policies*

26. In addition to failing to pay for all time worked as outlined above, Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime compensation as required by the FLSA at a rate of not less than one and one-half their regular rates as a result of Defendant's unlawful compensatory time policies and practices.

27. The FLSA provides that political subdivisions may provide certain employees "compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required" in lieu of paid overtime compensation. 29 U.S.C. § 207(o)(1).

28. Defendant Commission maintained a policy of requiring Plaintiff and other members of the FLSA Collective to take compensatory time off in lieu of overtime wages. However, contrary to 29 U.S.C. § 207(o)(1), during many workweeks during the relevant time period, Plaintiff and other members of the FLSA Collective were paid compensatory time off at a rate less than one and one-half hours for each hour of employment worked. Rather than providing Plaintiff and other similarly situated employees with compensatory time off at a rate of

7

one and one-half their hours worked, Defendant paid compensatory time off at Plaintiff's and other members of the FLSA Collective's "straight time" hours.

29. By way of example, during the relevant time period, Plaintiff White (and other members of the FLSA Collective) was instructed to work weekends and evenings without pay that would have overwise been overtime hours, hours over forty (40) hours in a workweek. Instead of paying Plaintiff and other members of the FLSA Collective "at a rate not less than one and one-half hours for each hour of employment," 29 U.S.C. § 207(o)(1), or overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay, 29 U.S.C. § 207(a)(1), Defendant Commission required Plaintiff and other members of the FLSA Collective to accept straight time off in lieu of payment. For example, were Plaintiff (and other members of the FLSA Collective) to work four (4) hours on a Saturday during one pay period/workweek, Plaintiff was required to take four (4) hours off in a future pay period/workweek, contrary to 29 U.S.C. § 207(a)(1), which required Defendant to pay Plaintiff, in this example, in the amount of six (6) hours off.

30. Defendant's failure to compensate Plaintiff and other similarly situated employees as set forth in 29 U.S.C. § 207(o)(1) has resulted in unpaid overtime to Plaintiff and other members of the FLSA Collective in violation of the FLSA.

### *Defendant's Compensable Workday Violations*

31. In addition to failing to pay for all time worked, and failing to lawfully pay compensatory time as outlined above, Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime compensation as required by the FLSA at a rate of not less than one and one-half their regular rates as a result of Defendant's unlawful compensable workday violations.

8

32. As provided by the FLSA and regulations that have the force of law, "in general, the period between the commencement and completion on the same workday of an employee's principal activity or activities" is considered compensable, a principle known as the continuous workday doctrine. 29 C.F.R. § 790.6(b); *see IBP, Inc. v. Alvarez*, 546 U.S. 21, 28 (2005). Moreover, unlike ordinary commuting time, travel that is part of an employee's compensable workday, such as travel between different worksites between the start and the end of the workday, is considered part of the day's work and is compensable under the FLSA. 29 C.F.R. § 785.38.

33. During their employments with Defendant, Plaintiff and other members of the FLSA Collective were required to travel to offsite events at the end of a workday to attend events and functions as part of their job duties. However, Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at one and one-half times their "regular rate" of pay for all compensable travel time hours as required by the FLSA.

34. In addition, while Plaintiff and other members of the FLSA Collective were required to travel offsite to attend/work events on weekends, they were not paid for all travel time worked, even though this travel time occurred during the regular hours of their shifts. However, the FLSA, 29 C.F.R. § 785.39, required this travel time to be paid as hours worked – "if an employee regularly works from 9 a.m. to 5 p.m. from Monday through Friday the travel time during these hours is worktime on Saturday and Sunday as well as on the other days."

35. Moreover, although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a

result, Plaintiff and other members of the FLSA Collective were not paid overtime for all of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*

36. Defendant's failure to compensate Plaintiff and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207.

### The Willfulness of Defendant's Violations

37. Defendant knew that Plaintiff and other members of the FLSA Collective were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

38. By denying Plaintiff and other members of the FLSA Collective overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA or acted in reckless disregard as to Defendant's obligations under the FLSA.

39. Plaintiff and other members of the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260.

40. Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA.

41. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219.

### Defendant's Record Keeping Violations

42. The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

43. Defendant failed to keep accurate records of hours worked of Plaintiff and other members of the FLSA Collective. Thus, Defendant did not record or pay all hours worked in violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

46. The FLSA Collective consists of:

> All present and former hourly, non-exempt employees of Defendant during the period of three years preceding the commencement of this action to the present.

47. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

48. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

49. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 25 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

52. The FLSA requires that "non-exempt" employees, including Plaintiff and other members of the FLSA Collective, are required to be paid overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

53. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

54. Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rates for all of their overtime hours.

55. By engaging in the above practices and policies, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

56. As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as

       liquidated damages in an equal amount; and

D.     Award Plaintiff compensatory damages, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*Respectfully submitted,*

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
50 Public Square, Suite 1900
Cleveland, OH 44113
P: (216) 912-2221    F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                  *s/ Ryan A. Winters*
                                                  Ryan A. Winters (0086917)